Leon VELASQUEZ–ANDRES,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 05–72778, 05–75894.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert F. Foss, Esq., Robert J. Foss, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Harry R. Marshall, Jr., Office of International Affairs, U.S. Dept. of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY and BYBEE, Circuit Judges.

## MEMORANDUM **

In these consolidated cases, Leon Velasquez–Andres, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT") (No. 05–72778) and denying his motion to reopen (No. 05–75894). We have jurisdiction under 8 U.S.C. § 1252. We review due process claims de novo, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), factual findings for sub-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.

■ First, Velasquez–Andres' contention that the agency violated his due process rights by not recognizing the presumption of a well-founded fear of future persecution is not supported by the record.

■ Second, the agency properly conducted an individualized analysis to determine that country conditions in Guatemala had changed to rebut any presumption of a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003). Because Velasquez–Andres failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Velasquez–Andres also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if he returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003); 8 C.F.R. § 1208.16(c)(2).

■ Finally, the BIA did not abuse its discretion in denying Velasquez–Andres' motion to reopen because, as the BIA concluded, even if he satisfied the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), he failed to show that he was prejudiced by the conduct of his first attorney. *See Iturribarria*, 321 F.3d at 899–900 (requiring ineffec-

---

tive assistance of counsel claimants to show prejudice).

## PETITIONS FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.